1

2

3

4

5

6

7

8                          IN THE UNITED STATES DISTRICT COURT

9                        FOR THE EASTERN DISTRICT OF CALIFORNIA

10   JOHN WESLEY WILLIAMS,

11                  Plaintiff,                    No. CIV S-05-0496 GEB DAD P

12          vs.

13   SCOTT KERNAN, et al.,                        <u>ORDER AND</u>

14                  Defendants.                   <u>FINDINGS AND RECOMMENDATIONS</u>

15   _____/

16          Plaintiff is a state prisoner proceeding pro se.  Plaintiff seeks relief under 42

17   U.S.C. § 1983 and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C.

18   § 1915.  This proceeding was referred to the undersigned in accordance with Local Rule 72-302

19   and 28 U.S.C. § 636(b)(1).

20          Plaintiff's application to proceed in forma pauperis makes the showing required

21   by 28 U.S.C. § 1915(a).  Plaintiff's application for leave to proceed in forma pauperis will

22   therefore be granted.

23          Plaintiff is required by statute to pay the $250.00 filing fee that was in effect when

24   this action was commenced.  <u>See</u> 28 U.S.C. §§ 1914(a) & 1915(b)(1).  An initial partial filing fee

25   of $.66 will be assessed by this order.  <u>See</u> 28 U.S.C. § 1915(b)(1).  The docket for this action

26   reveals that plaintiff submitted a payment in the amount of $.66 on September 26, 2005.

1   Accordingly, the court will not direct prison officials to collect the initial partial filing fee from

2   plaintiff's prison trust account and forward it to the court.  The docket also reflects that plaintiff

3   submitted a second payment in the amount of $.66 on December 2, 2005.  It appears that the

4   balance due is now $248.68.  Plaintiff will be obligated to make monthly payments of twenty

5   percent of the preceding month's income credited to his prison trust account.  These payments

6   will be collected and forwarded by prison officials to the Clerk of the Court each time the amount

7   in plaintiff's account exceeds $10.00, until the $248.68 balance due is paid in full.  See 28 U.S.C.

8   § 1915(b)(2).

9          The district court is required to screen all complaints brought by prisoners seeking

10  relief against a governmental entity or an officer or employee of a governmental entity.  See 28

11  U.S.C. § 1915A(a).  The court must dismiss a complaint if the prisoner has raised claims that are

12  frivolous or malicious, fail to state a claim upon which relief may be granted, or seek monetary

13  relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b).  See also 28

14  U.S.C. § 1915(e)(2) (requiring the district court to dismiss a case in which the plaintiff seeks to

15  proceed in forma pauperis, or has been granted leave to proceed in forma pauperis, if the action is

16  frivolous or malicious, fails to state a claim, or seeks monetary relief from a defendant immune

17  from such relief).

18         In the present case, plaintiff has sued the following individuals employed at

19  California State Prison - Sacramento ("CSP-Sac"), where plaintiff is confined:  Warden Kernan;

20  Chief Deputy Warden John Doe; Appeals Coordinator O'Brian; Mail Room Supervisor Johnson;

21  Correctional Counselor II Mayfield; Correctional Counselor I Smith; Correctional Officer

22  Pickett; and Correctional Officer Hampton.  Plaintiff's claims arise from events that occurred

23  between December 4, 2004, the date of plaintiff's transfer to CSP-Sac from North Kern State

24  Prison Reception Center, and March 7, 2005, the date of plaintiff's complaint.  Plaintiff alleges

25  that there is a grievance procedure at CSP-Sac, that he filed a grievance concerning the facts

26  alleged in his complaint, and that the grievance process was not completed as of March 7, 2005.

1        Plaintiff's allegations against defendants Kernan, Doe, O'Brian, Mayfield, and

2   Smith are as follows:  Upon plaintiff's arrival at CSP-Sac, he immediately sought to correct

3   mistakes in his prison central file concerning his classification; between December 16, 2004, and

4   January 1, 2005, he submitted at least three written requests for an interview with defendant

5   Smith, the person he believed to be in charge of his file; he received no response, and defendant

6   Smith was not at her post; on January 1, 2005, plaintiff submitted a written request for an

7   interview with defendant Mayfield, who was defendant Smith's supervisor; on January 1, 2005,

8   he also prepared an inmate appeal complaining about his classification by staff at North Kern

9   State Prison prior to his transfer to CSP-Sac; defendant O'Brian did not process the appeal but

10  instructed plaintiff to keep trying to contact defendants Smith and Mayfield; plaintiff complied

11  with the instruction, but defendants Smith and Mayfield continued to ignore plaintiff's requests

12  for an interview; on January 10, 2005, plaintiff sent a copy of his appeal to defendant Kernan but

13  received no response; on January 11, 2005, plaintiff submitted an inmate appeal in which he

14  asserted that defendant O'Brian was aiding and abetting defendants Smith and Mayfield in their

15  deprivation of plaintiff's rights; defendant O'Brian told plaintiff he could not file such an appeal;

16  on January 13, 2005, plaintiff confronted defendant Smith in her office but received no

17  assistance; on January 25, 2005, plaintiff submitted an inmate appeal against defendant Kernan

18  for indifference to plaintiff's needs; on February 23, 2006, plaintiff was advised that his inmate

19  appeal concerning the warden did not meet the criteria for a staff complaint.

20        Plaintiff's allegations against defendants Pickett and Hampton are as follows:  On

21  January 28, 2005, plaintiff ran out of toilet paper due to a medical condition; defendants

22  Hampton and Pickett refused to provide him with additional toilet paper for three days; on

23  February 7, 2005, plaintiff submitted an inmate appeal concerning the conduct of defendants

24  Hampton and Pickett; on February 23, 2006, plaintiff was advised that the appeal did not meet

25  the criteria for a staff complaint.

26  /////

1    Plaintiff's allegations against defendant Johnson are as follows:  On February 4,

2    2005, a letter from an attorney was delivered to plaintiff opened; on February 14, 2005, plaintiff

3    submitted an inmate appeal about the opening of his legal mail; on February 23, 2006, plaintiff

4    was advised that the appeal did not meet the criteria for a staff complaint.

5    Plaintiff contends that the defendants violated his civil rights by failing to follow

6    rules and regulations and by refusing to process his appeals.  Plaintiff seeks declaratory and

7    injunctive relief, including the immediate disposition and review of plaintiff's inmate appeals,

8    plaintiff's transfer to a more appropriate institution closer to his family, protection of plaintiff

9    from harassment and retaliation, and an end to mail tampering.

10    Plaintiff's complaint contains a concession that he failed to exhaust administrative

11    remedies on his claims prior to bringing this action.  Although plaintiff alleges that his inmate

12    appeals were not handled properly, his exhibits demonstrate otherwise.

13    By the Prison Litigation Reform Act of 1995 ("PLRA"), Congress amended 42

14    U.S.C. § 1997e to provide that "[n]o action shall be brought with respect to prison conditions

15    under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail,

16    prison, or other correctional facility until such administrative remedies as are available are

17    exhausted." 42 U.S.C. § 1997e(a).  The exhaustion requirement "applies to all inmate suits about

18    prison life, whether they involve general circumstances or particular episodes, and whether they

19    allege excessive force or some other wrong." Porter v. Nussle, 534 U.S. 516, 532 (2002).  The

20    exhaustion of prison administrative procedures is mandated regardless of the relief offered

21    through such procedures. Booth v. Churner, 532 U.S. 731, 741 (2001).  The Supreme Court will

22    not read futility or other exceptions into the statutory exhaustion requirement. Id. at 741 n.6.

23    A prisoner's concession to nonexhaustion is a valid ground for dismissal of an

24    action. Wyatt v. Terhune, 315 F.3d 1108, 1120 (9th Cir. 2003); McKinney v. Carey, 311 F.3d

25    1198, 1200-01 (9th Cir. 2002) (per curiam).  Exhaustion must occur prior to filing suit, and a

26    prisoner may not exhaust while his suit is pending. 311 F.3d at 1199-1201.  If the court

4

1  concludes that the prisoner has not exhausted administrative remedies on any claim, "the proper

2  remedy is dismissal of the claim without prejudice." 315 F.3d at 1120.

3          In California, state regulations permit prisoners to appeal "any departmental

4  decision, action, condition, or policy which they can demonstrate as having an adverse effect

5  upon their welfare." Cal. Code Regs. tit. 15, § 3084.1(a). Most appeals progress from an

6  informal review through three formal levels of review. See Cal. Code Regs. tit. 15, § 3084.5. A

7  decision at the third formal level, also referred to as the director's level, is not appealable and

8  will conclude a prisoner's administrative remedy. Cal. Code Regs. tit. 15, §§ 3084.1(a) and

9  3084.5(e)(2). In order to satisfy the exhaustion requirement of 42 U.S.C. § 1997e(a), a California

10 prisoner must submit an inmate appeal at the appropriate level and proceed to the highest level of

11 administrative review available before filing suit. Ngo v. Woodford, 403 F.3d 620, 624 (9th Cir.

12 2005); Butler v. Adams, 397 F.3d 1181, 1183 (9th Cir. 2005); Bennett v. King, 293 F.3d 1096

13 (9th Cir. 2002).

14         A California prisoner may submit an inmate appeal as a staff complaint. See

15 Brown v. Valoff, 422 F.3d 926, 931 n.7 & 933 n.9 (9th Cir. 2004) (taking judicial notice of Dep't

16 Operations Manual § 31140.4.2 & Cal. Dep't of Corr. & Rehabilitation Administrative Bulletin

17 98/10, "Processing of Inmate/Parolee Appeals, CDC Forms 602, Which Allege Staff

18 Misconduct). If an inmate appeal contains allegations of staff misconduct, the allegations must

19 be reviewed by a designated prison official to determine whether a formal investigation is

20 warranted. If an investigation is warranted, the appeals coordinator is required to bypass the first

21 formal level of review, respond to the complaint at the second level, and refer the case for formal

22 investigation as instructed by the designated official. The prisoner must be advised that his

23 allegations of staff misconduct have been referred for investigation and that he will be notified

24 only of the conclusion of the investigation. Id. If the prisoner's inmate appeal contains other

25 issues in addition to alleged staff misconduct, the prisoner must be notified that the other issues

26 must be appealed separately. If the designated prison official determines that a formal

1  investigation is not warranted, the inmate must be notified that his appeal does not meet the

2  criteria for a staff complaint.  The appeal may then proceed through the normal process.

3         Plaintiff's complaint contains an affirmative allegation that he had not exhausted

4  his claims as of the date of his complaint.  Plaintiff's allegations and exhibits support the

5  concession.  Plaintiff's first inmate appeal, dated January 1, 2005, concerned actions taken by

6  staff at North Kern State Prison prior to plaintiff's transfer to CSP-Sac.  This appeal is not

7  relevant to the exhaustion of the claims alleged against the defendants in this civil rights action.

8  Moreover, the initial rejections of this appeal arose from plaintiff's failure to attach necessary

9  documents, and plaintiff was not foreclosed from exhausting available administrative remedies

10  concerning his classification.

11         Plaintiff's inmate appeal dated January 11, 2005, alleged claims against

12  defendants Smith and Mayfield for not responding to plaintiff's requests for interview and claims

13  against defendant O'Brian for screening out plaintiff's January 1, 2005 appeal.  Plaintiff

14  requested that the three defendants be prosecuted criminally, that copies of the required

15  documents be provided for attachment to his January 1, 2005 appeal, and that his January 1, 2005

16  appeal be processed.  In the screening form dated January 13, 2005, defendant O'Brian instructed

17  plaintiff to rewrite the January 1, 2005 appeal, document his requests to CCI Smith and CCII

18  Mayfield, and include a request for a copy of the classification form he had been unable to

19  obtain.  Plaintiff also had the option of returning the January 11, 2005 appeal and screening form

20  with a written explanation of why he believed defendant O'Brian's decision was wrong.  Plaintiff

21  was not foreclosed from exhausting available administrative remedies concerning the actions of

22  defendants Smith, Mayfield, and O'Brian.

23         Plaintiff's inmate appeal dated January 25, 2005, alleged claims against defendant

24  Kernan and others for failing to supervise defendants Smith, Mayfield, and O'Brian and prevent

25  their misconduct.  Plaintiff requested that defendant Kernan be held accountable and that an

26  outside agency conduct an investigation.  The screening form dated February 18, 2005, indicates

1   that the appeal was returned to plaintiff because he had submitted a duplicate appeal on the same

2   issue and his February 11, 2005 appeal was under review at the informal level.  Plaintiff was not

3   foreclosed from exhausting available administrative remedies concerning the actions of

4   defendant Kernan.

5          Plaintiff submitted two inmate appeals dated January 28, 2005, alleging claims of

6   misconduct against defendants Smith and Mayfield.  Those appeals were processed and were in

7   progress when plaintiff filed this action.

8          Plaintiff submitted two inmate appeals dated February 7, 2005.  In one of them,

9   plaintiff alleged that defendant Pickett failed to provide plaintiff and his cellmate with toilet

10  paper for three days after they requested additional toilet paper on January 24, 2005.  In the

11  second of these two appeals, plaintiff alleged that defendant Hampton abused and neglected

12  plaintiff by ignoring defendant Pickett's abuse.  Plaintiff requested that defendant Pickett be

13  counseled and that defendant Hampton be sternly reprimanded.  These appeals were returned to

14  plaintiff with a screening form dated February 15, 2005, noting that the warden had determined

15  that they did not meet the criteria for processing as staff complaints and one appeal had already

16  been processed for plaintiff that week.  See Cal. Code Regs. tit. 15, § 3084.4(a) (limiting inmates

17  to one non-emergency appeal per seven days).  Plaintiff was not foreclosed from exhausting

18  available administrative remedies concerning the actions of defendants Pickett and Hampton.

19         In his inmate appeal dated February 14, 2005, plaintiff alleged mail theft and

20  tampering by defendant Johnson.  The appeal was returned to plaintiff with a screening form

21  dated February 15, 2005, indicating that the warden had determined that the appeal did not meet

22  the criteria for processing as a staff complaint and plaintiff had already had one appeal processed

23  that week.  Plaintiff was not foreclosed from exhausting available administrative remedies

24  concerning the actions of defendant Johnson.

25         In light of plaintiff's concession to nonexhaustion and his failure to exhaust any

26  claim alleged in this action, the undersigned will recommend that this action be dismissed

7

1  without prejudice to the filing of a new action after plaintiff has exhausted such administrative

2  remedies as may be available.

3           Plaintiff has filed several requests for orders.  On April 7, 2005, plaintiff

4  requested an order prohibiting harassment and retaliation or, in the alternative, an order requiring

5  prison officials to transfer him to another institution.  On April 14, 2005, plaintiff requested an

6  order prohibiting harassment and mail tampering.  On April 20, 2005, plaintiff filed a document

7  titled "Notice" in which he reiterated his previous requests.  On May 31, 2005, plaintiff filed an

8  untitled document in which he complained that a cell move on May 25, 2005, was retaliatory.

9  Plaintiff's requests concern events not at issue in this case and persons who are not parties to this

10 action.  The requests are not supported by briefs on the relevant legal issues and affidavits

11 supporting the existence of irreparable injury.  Plaintiff has not provided evidence of notice to the

12 affected persons.  See Fed. R. Civ. P. 65 & Local Rule 65-231.  In light of these defects and the

13 recommendation that this action be dismissed for failure to exhaust available administrative

14 remedies, the undersigned will recommend that all of plaintiff's requests be denied.

15           Accordingly, IT IS ORDERED that:

16           1.  Plaintiff's March 11, 2005 application to proceed in forma pauperis is granted;

17           2.  Plaintiff is obligated to pay the statutory filing fee of $250.00 for this action.

18 Plaintiff has paid the initial partial filing fee of $.66 and an additional $.66.  The $248.68 balance

19 due shall be collected and paid in accordance with this court's order to the Director of the

20 California Department of Corrections and Rehabilitation filed concurrently herewith;

21           IT IS RECOMMENDED that:

22           1.  Plaintiff's April 7, 2005 request for injunction and order, plaintiff's April 14,

23 2005 request for injunction and order, plaintiff's April 20, 2005 request for court action, and

24 plaintiff's May 31, 2005 request for preliminary injunction be denied; and

25           2.  This action be dismissed without prejudice for failure to exhaust available

26 administrative remedies prior to bringing this action.

1         These findings and recommendations are submitted to the United States District

2 Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty

3 days after being served with these findings and recommendations, plaintiff may file written

4 objections with the court.  A document containing objections should be titled "Objections to

5 Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file

6 objections within the specified time may, under certain circumstances, waive the right to appeal

7 the District Court's order.  See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

8 DATED: June 12, 2006.

9

10                                                                            _Dale A. Drozd_

11                                                   DALE A. DROZD
                                                  UNITED STATES MAGISTRATE JUDGE

12 DAD:13
   will0496.efr

13

14

15

16

17

18

19

20

21

22

23

24

25

26