IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JOHN WESLEY WILLIAMS,

    Plaintiff,                    2:05-cv-0496-GEB-DAD-P

    vs.

SCOTT KERNAN, et al.,

    Defendants.             <u>ORDER</u>

_____/

        Plaintiff, a state prisoner proceeding pro se, has filed this civil rights action seeking relief under 42 U.S.C. § 1983. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local General Order No. 262.

        On June 13, 2006, the magistrate judge filed findings and recommendations herein which were served on plaintiff and which contained notice to plaintiff that any objections to the findings and recommendations were to be filed within twenty days. Plaintiff has filed objections to the findings and recommendations.

        In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and Local Rule 72-304, this court has conducted a <u>de novo</u> review of this case. Having carefully reviewed the entire file, the court finds the findings and recommendations to be supported by the record and by proper analysis. The United States Supreme Court has ruled that a prisoner cannot satisfy the

1

PLRA exhaustion requirement by filing an untimely or otherwise procedurally defective administrative grievance or appeal.  Woodford v. Ngo, ___ U.S. ___, No. 05-416, 2006 WL 1698937, at *2 (U.S. June 22, 2006) (reversing Ngo v. Woodford, 403 F.3d 620 (9th Cir. 2005)).  The Court explained that "[p]roper exhaustion demands compliance with an agency's deadlines and other procedural rules."  Id. at *5.

Plaintiff's objections were accompanied by a separate motion for reconsideration of the magistrate judge's findings and recommendations pursuant to Fed. R. Civ. P. 72(a).  Rule 72(a) applies only to magistrate judges' orders on non-dispositive matters.  The arguments presented in plaintiff's motion for reconsideration were raised in his objections and have been considered by the court in its de novo review of the case.  The motion will be denied.

Accordingly, IT IS HEREBY ORDERED that:

1. The findings and recommendations filed June 13, 2006, are adopted in full;

2. Plaintiff's April 7, 2005 request for injunction and order, plaintiff's April 14, 2005 request for injunction and order, plaintiff's April 20, 2005 request for court action, and plaintiff's May 31, 2005 request for preliminary injunction are denied;

3. Plaintiff's June 22, 2006 motion for Rule 72(a) reconsideration is denied; and

4. This action is dismissed without prejudice for failure to exhaust available administrative remedies prior to bringing this action.

Dated: July 13, 2006

/s/ Garland E. Burrell, Jr.
GARLAND E. BURRELL, JR.
United States District Judge